IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| WINDELL ROBINSON | § | |
| v. | § | CIVIL ACTION NO. 6:08cv158 |
| OFFICER BOWMAN, ET AL. | § | |
| and | | |
| WINDELL ROBINSON | § | |
| v. | § | CIVIL ACTION NO. 6:08cv178 |
| OFFICER BOWMAN, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Windell Robinson, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights during his confinement in the Henderson County Jail. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Robinson complained about alleged interference with his access to court, accusing Officer Bowman, the jail law library officer, of demanding to know details of a lawsuit which he intended to file and of somehow preventing him from filing one. He also said that a county commissioner, Joe Hall, was negligent in some way which was not entirely clear.

After review of the pleadings, the Magistrate Judge issued a Report on September 9, 2008, recommending that the lawsuit be dismissed. The Magistrate Judge concluded that Robinson had failed to show that his right of access to court had been interfered with; on the contrary, Bowman

1

had telephoned the Clerk of this Court to request a supply of standard Section 1983 lawsuit forms, which were duly sent; Robinson then filed two separate pleadings using these forms. The Magistrate Judge concluded that Robinson failed to show any harm as a result of Officer Bowman's actions with regard to his right to access to courts. Furthermore, the Magistrate Judge stated that Robinson had not shown any basis for liability on the part of the county commissioner.

Following the entry of that Report, Bowman did not file objections *per se*; however, he did file a "notice of appeal" within the objections period. While his appeal was dismissed for want of prosecution , the Court will, in the interest of justice, treat the statements in his notice of appeal as objections to the Magistrate Judge's Report.

In his notice of appeal, Robinson says first that Bowman's asking him who he had sued amounted to "invasion of privacy." He had complained that he sent a request form to Bowman asking for "law and information in Section 1983 lawsuit," and she responded by asking him who was involved in the lawsuit. It is apparent from the context that Bowman thought that he was asking for information on a lawsuit which had already been filed, and so she needed to know who was involved. Even were this not the case, however, and Bowman was asking him who he was going to sue, Robinson has failed to show that this was an "invasion of privacy;" as the Magistrate Judge correctly pointed out, once the lawsuit was filed, it would be a matter of public record. Robinson's objection on this point is without merit.

Second, Robinson says that Bowman "passed out criminal forms, not civil ones," and she provided him with nothing. While it is unclear what forms Bowman may have passed out, the record shows that shortly after the Section 1983 forms were sent to the jail at Bowman's request, Robinson had access to them, in that he used these forms to file two separate pleadings in this Court. Even if Bowman may have handed out the wrong forms, Robinson has not shown that he was denied access to court. His claim on this point is without merit.

Next, Robinson says that his requests were held by Bowman for several days. He has not shown that these delays harmed him or his legal position in any way; he was able to file at least

2

two lawsuits in this Court along with assorted motions and requests. This contention is without merit.

Finally, Robinson says that the Magistrate Judge's Report "puts a lot of words in Plaintiff's mouth." He offers no specific examples, and a review of the Report reveals none. This objection is without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause together with the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous and for failure to state a claim upon which relief may be granted. This order of dismissal shall apply to cause no.'s 6:08cv158 and 6:08cv178, but only the lead cause, 6:08cv158, shall count as a strike for purposes of 28 U.S.C. §1915(g). Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 31st day of March, 2009.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE